IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

FILED
MAY - 3 2005
IN THIS OFFICE
Clerk U. S. District Court
Greensboro, N. C.
By _____

Danny G Gough )
)
           Plaintiff, )
) Case # _____
v. )
)
Bernhardt & Strawser, PA, Robert J. ) **1:05CV00398**
Bernhardt and Tonya L. Urps )
)
           Defendants )

VERIFIED PETITION IN THE NATURE OF A PETITION FOR REDRESS OF
INJURIES UNDER AUTHORITY OF THE FAIR DEBT COLLECTIONS PRACTICES
ACT, FOR VIOLATIONS UNDER 15 USC 1692 ET SEQ.

INTRODUCTION

1. This is an action for damages brought by an individual consumer against the Defendants' for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k (d) and 28 U.S.C. §§ 1331, 1337 and 1367. Declaratory relief is available pursuant to 28U.S.C. §§2201 and 2202. Venue in this District is proper in that the defendants transact business here and the conduct complained of occurred here.

## PARTIES

3. Danny G. Gough, the plaintiff, is a natural person, domiciled in Yadkin County NC and is a consumer as defined by the FDCPA.

4. Defendant Bernhardt & Strawser, PA is an active professional association with its principal place of business located at 5821 Fairview Rd. Suite 550, Charlotte, NC 28209.

5. Defendants Robert J Bernhardt and Tonya L. Urps are attorneys with Bernhardt & Strawser.

6. All Defendants are debt collectors engaged in the business of collecting debts in this state as defined by the FDCPA. See 15 USC 1692a (6). See also: Jenkins v. Heintz, 25 F.3d 536, C.A.7 (Ill.) 1994, certiorari granted 115 S.Ct. 416, 130 L.Ed. 2d 332, affirmed 115 S.Ct. 1489, 131 L.Ed.2d 395, on remand; Scott v Jones, 964 F.2d 314, C.A.4 (Va.) 1992; Fox v. Citicorp Credit Services, Inc., 15 F.3d 1507, C.A. 9 (Ariz.) 1994.

## COMPLAINT

7. On or about 7 January, 2005, the Defendants served a summons and complaint to Danny G. Gough (hereafter Gough)

8. Said complaint alleged Gough owed a debt to Citibank, South Dakota, N.A.(hereafter Citibank).

9. The summons and complaint was the initial correspondence between the defendants and Gough. See Sprouse v. City Credits Co., 126 F. Supp. 2d 1083, 1089 n.8 (S.D. Ohio 2000) and Thomas v. Law Firm of Simpson & Cybak, 392 F.3d 914 (7th Cir. 12/20/2004)

10. Within thirty days of receiving the initial correspondence, Gough sent a written NOTICE OF DISPUTE to the Defendants, disputing the alleged debt.

11. The NOTICE OF DISPUTE requested validation and verification of the alleged debt and asked the Defendants to cease and desist collection activities until validation was provided pursuant to 15 USC § 1692g(b).

12. The NOTICE OF DISPUTE also informed the Defendants that Gough had previously served the Defendants' client, Citibank South Dakota, N.A. dba CitiCards, with five (5) separate Dispute Notices and Requests for Validation by certified mail, pursuant to the Fair Credit Billing Act, 15 U.S.C. § 1666

13. The Notice advised the Defendants that the five (5) Dispute Notices were mailed to Citibank beginning on 25 June 2004, when two (2) notices sent, followed by the others on 13 July, 3 September, and 23 September, 2004.

14. Defendants were further noticed that Citibank had failed to respond to the Dispute Notices and failed to provide validation of the alleged debt.

15. Gough notified the defendants in writing by a separate correspondence captioned NOTICE TO PROVIDE TRUE IDENTITY OF ORIGINAL CREDITOR, requesting the true identity of the original creditor pursuant to 15 USC § 1692g(b).

16. Defendants have failed to respond to the NOTICE OF DISPUTE and to provide validation and verification of the alleged debt.

17. Defendants have failed to respond to the NOTICE TO PROVIDE TRUE IDENTITY OF ORIGINAL CREDITOR, and to provide the true identity of the original creditor.

18. Defendants have failed to notify the Yadkin County District Court that the alleged debt was disputed by notices to Citibank and to the Defendants themselves.

19. Defendants have failed to cease collection activities of the alleged debt by continuing to pursue a civil action against Gough in the District Court of Yadkin County (See Citibank, South Dakota, N.A. v Danny G. Gough 05CVD11).

## FIRST COUNT

20. The Plaintiff incorporates and re-alleges paragraphs 5-13.

21. Defendants violated FDCPA at § 1692e(2)(A), by knowingly and willfully misrepresenting the character, amount and legally disputed status of the alleged debt. The alleged debt has been unquestionably and undeniably disputed by Plaintiff as evidenced by the five (5) separate Dispute Notices and Requests for Validation sent to the Defendants' client, Citibank and another NOTICE OF DISPUTE sent directly on the Defendants themselves. The Defendants have ignored and disregarded all six (6) dispute notices and continue to misrepresent the disputed debt as a valid obligation, free from any disputes, claims or defenses. (Moreover, the Defendants attempted to have the Plaintiff's NOTICE OF DISPUTE filed by the Yadkin County Clerk of Court as the Plaintiff's pro se answer to their complaint.)

## SECOND COUNT

22. The Plaintiff incorporates and re-alleges paragraphs 5-13.

23. Defendants violated FDCPA § 1692e (8) by knowingly and willfully failing to communicate that the alleged debt was disputed to the District Court in Yadkin County.

## THIRD COUNT

24. The Plaintiff incorporates and re-alleges paragraphs 5-13.

25. Defendants violated FDCPA at § 1692g(b), by failing to cease collection of the alleged debt, until such time as they obtain written verification and mailing such to the Plaintiff. See Miller v. Payco-General American Credits, Inc., 943 F.2d 482 (4th Cir. 08/26/1991)

## FOURTH COUNT

26. The Plaintiff incorporates and re-alleges paragraphs 5-13.

27. Defendants violated FDCPA at § 1692g(b), by failing to cease collection of the alleged debt, until such time as they obtained the name and address of the original creditor.

## SUMMARY

28. The conduct of the Defendants is unmistakably a blatant violation of the FDCPA and an insolent disregard for the Plaintiff's rights, federal law and the judicial system. The Defendants, Bernhardt & Strawser, PA, Robert J. Bernhardt and Tonya L. Urps have exhibited a pattern of abuse of the Plaintiff by misrepresenting the character, amount and legal status of the alleged debt, failing to communicate that the alleged debt was disputed, failure to provide validation of the debt, failure to provide the name and address of the original creditor and failure to cease and desist collection activities until providing such.

## DAMAGE CLAIM

29. Under FDCPA, one does not have to have actual damage to be awarded statutory damages. See Wookfolk v. Van Ru Credit Corp, 783 F Supp 724. A single violation of FDCPA is sufficient to establish civil liability. Cavallaro v. Law Office of Shapiro & Kreisman, E.D.N.Y.1996, 933 F.Supp. 1148. The FDCPA is a strict liability statute

and thus does not require showing of intentional conduct on the part of debt collector. Cavallaro v. Law Office of Shapiro & Kreisman, supra.

30. The Plaintiff has been injured by the reckless and willful disregard by the Defendants for the Plaintiff's rights preserved by the FDCPA. The Plaintiff is a professional whose reputation is of paramount importance to his character and standing in the community. He has had to fight for his rights and innocence, despite the fact the Defendants presented no lawful claim. He has suffered damage to his credit history and has suffered the distress of the appearance that he is someone who does not pay his bills, when he has a legal obligation. The Plaintiff has been injured by the Bad Faith demonstrated by the Defendants who continue to pursue the Plaintiff in court with "Unclean Hands". The Plaintiff has had to bear the cost of defending himself including numerous lost hours of work spent studying law and civil procedure.

31. The Defendants' actions were willful and intentional, causing damage and injury to the Plaintiff. The Plaintiff has been damaged, professionally, emotionally and financially.

32. Actual damages include emotional distress. See Kleczy v. First Fed. Credit Control, Inc., 21 Ohio App, 3d 56, (Ohio App. 11/16/1984); McGrady v. Nissan Motor Acceptance Corp., 40 F. Supp. 2d 1323, 1335 (M.D. Ala. 1998); Crossley v. Lieberman, 90 B.R. 682 (E.D. Penn 1988) affirmed 868 F.2d 566 (3rd Cir. 02/16/1989)

## RELIEF REQUESTED

33. The Plaintiff is entitled to a jury's determination that the Defendants violated consumer law, justly requiring this Court's order that the Defendants compensate

Danny G. Gough statutory damages up to a maximum of $1,000.00 for each violation (see § 1692k(a)), plus the cost of bringing this action, including but not limited to filing fees, lost earnings, postage, copying fees, travel time and time spent researching the law and other relief this honorable court deems just and proper.

34. The Plaintiff is entitled to a jury's determination that the Defendants subjected Danny G. Gough to intentional infliction of emotional stress, humiliation, justly requiring an Order that the Defendants be compelled to compensate Danny G. Gough for actual damages and further compensation as a means to amend the Defendants bad behavior.

## Affidavit

I, Danny G. Gough, of lawful age and competent to testify state as follows based on my own personal knowledge:

1. On our about 7 January, 2005, the Defendants served a complaint to me, which was the initial communication between us.
2. Within 30 days, I invoked my right under FDCPA to dispute the entire amount of the debt and request validation.
3. I informed the Defendants the alleged debt was disputed with Citibank by me having sent five (5) separate Dispute Notices directly to them.
4. I also requested the name and address of the original creditor.
5. I am not in receipt of any document which verifies or validates that I owe Citibank, South Dakota N.A. money.
6. I am not in receipt of a motion for judgment by default or motion for summary judgment on behalf of Citi Bank.

7. I am not in receipt of any document or evidence showing the Defendants reported the disputed status of the debt to the District Court in Yadkin County.

8. I am not in receipt of any document or evidence from the Defendants which reveals the name and address of the original creditor.

9. As the result of the pattern of acts against me by Bernhardt and Strawser, P.A., Robert J. Bernhardt and Tonya L. Urps, I have been damaged financially, socially, and emotionally.

JURY TRIAL DEMANDED

Respectfully Submitted,

_____
Danny G. Gough
2525 Holly Ridge Rd
Yadkinville, NC 27055

Before me, the undersigned, a Notary Public in and for Forsyth county, North Carolina on this the 3rd day of May, 2005, personally appeared Danny G Gough to me known to be the identical person who executed the within and foregoing instrument and acknowledged to me that he execute the same as his free and voluntary act.

Given under my hand and seal the day and year last above written

My commission expires 6-7-06

_____ Notary Public

OFFICIAL SEAL
Notary Public, North Carolina
COUNTY OF FORSYTH
LYDIA J. TERRY
My Comm. Exp. 6-7-06