IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| DANNY G. GOUGH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:05CV00398 |
| | ) | |
| BERNHARDT & STRAWSER, PA, | ) | |
| ROBERT J. BERNHARDT, and | ) | |
| TONYA L URPS, | ) | |
| | ) | |
| Defendants. | ) | |

<u>MEMORANDUM OPINION</u>

BEATY, District Judge.

I.  INTRODUCTION

Plaintiff Danny G. Gough ("Plaintiff") has brought a *pro se* lawsuit in this matter to allege a number of violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et. seq.* ("FDCPA"). Plaintiff asserts that Defendants Bernhardt & Strawser, P.A., Robert J. Bernhardt, and Tonya L. Urps (altogether "Defendants") instituted a state court collections action against him despite the fact that he had previously disputed the debt to Citibank South Dakota, N.A. ("Citibank"). Moreover, Plaintiff asserts that Defendants violated the FDCPA by failing to inform the Yadkin County District Court in the collections action that the debt was disputed, and by continuing to move forward with the collections action after Plaintiff disputed the debt to Defendants. This matter is presently before this Court on Defendants' Motion to Dismiss

[Document #7] under Fed. R. Civ. P. 12(b)(6). For reasons discussed below, the Court will grant Defendants' Motion to Dismiss.

II. FACTUAL BACKGROUND

As is proper when considering a Motion to Dismiss, this Court will consider the facts in a light most favorable to the non-moving party, which in this case is the Plaintiff. Plaintiff filed the present action on May 3, 2005, alleging that Defendants, a Charlotte law firm and two attorneys, committed violations of the FDCPA. Plaintiff's Complaint states that on or about January 7, 2005, Defendants served a summons and complaint (hereinafter, the "State Complaint") on him. The State Complaint asserted that Plaintiff owed a debt to Citibank. Plaintiff argues that the summons and State Complaint constituted the initial correspondence between Defendants and himself. Thereafter, within thirty days of receiving the summons and State Complaint, Plaintiff sent a written notice of dispute to Defendants. Plaintiff requested validation and verification of the alleged debt and asked Defendants to cease and desist collection activities until validation was provided pursuant to the FDCPA. In this letter, Plaintiff also informed Defendants that he had previously disputed the debt five times to Citibank itself, and that Citibank had failed to respond to Plaintiff concerning his dispute. In a separate letter, Plaintiff requested that Defendants provide the "true identity of the original creditor," also pursuant to the FDCPA. Plaintiff asserts that Defendants have failed to respond to his notice of dispute or his notice to provide the true identity of the original creditor. Plaintiff further asserts that Defendants have failed to notify the Yadkin County District Court that the debt was

2

disputed.

Accordingly, based upon these facts, Plaintiff's Complaint asserts that Defendants have (1) violated the FDCPA at § 1692e(2)(A), by knowingly misrepresenting the character, amount, and legal status of the debt; (2) violated the FDCPA at § 1692e(8) by knowingly failing to communicate that the debt was disputed to the District Court in Yadkin County; (3) violated the FDCPA at § 1692g(b) by failing to cease collection of the debt until such time as Plaintiff was provided written verification; and (4) violated the FDCPA at § 1692g(b) by failing to cease collection of the debt until such time as Plaintiff was provided the name and address of the original creditor.

In response to Plaintiff's Complaint, Defendants have filed a Motion to Dismiss. Defendants argue that Plaintiff's Complaint should be dismissed for two primary reasons. First, Defendants argue that a summons and complaint do not constitute a communication under the FDCPA. Second, Defendants state that even assuming a "communication" was made, Plaintiff's facts do not amount to a cognizable claim under the FDCPA.[1]

III.    MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM

With respect to a motion to dismiss pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted, dismissals are allowed "only in very limited circumstances."

---

[1] Defendants also bring an alternate argument that to the extent that Plaintiff does state a valid claim, Defendants contend that this Court should defer ruling on the merits until after the underlying state court action is resolved. However, because the Court finds that Plaintiff's Complaint does not state a set of facts that represent a cognizable claim under the FDCPA, the Court need not consider this alternate argument.

3

Rogers v. Jefferson-Pilot Life Ins. Co., 883 F.2d 324, 325 (4th Cir. 1989). Generally, "[a] court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514, 122 S. Ct. 992, 998 (2002) (internal quotations omitted); accord Mylan Labs., Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993). In making this determination, a court must view the complaint in the light most favorable to the plaintiff, accepting as true all well-pleaded factual allegations. Randall v. United States, 30 F.3d 518, 522 (4th Cir. 1994). Thus, the purpose of a motion to dismiss is to test the legal sufficiency of the complaint and not the facts that support it. Neitzke v. Williams, 490 U.S. 319, 326–27, 109 S. Ct. 1827, 1832 (1989). "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." Revene v. Charles County Comm'rs, 882 F.2d 870, 872 (4th Cir. 1989)(internal quotations omitted).

  A. A Summons and Complaint May Constitute an Initial Communication

The FDCPA provides rules for how a debt collector may go about collecting a debt, and forbids certain abusive practices that may be deceptive or unfair. See 15 U.S.C. § 1692. Of particular importance in this case, Section 1692g of the FDCPA provides that:

> Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing -
> (1) the amount of the debt;
> (2) the name of the creditor to whom the debt is owed;

> (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;
> (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and
> (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.
> (b) Disputed debts
> If the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) of this section that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or a copy of a judgement, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector.

15 U.S.C. § 1692g. As previously stated, Defendants' primary argument is that the summons and State Complaint did not constitute an "initial communication" under the FDCPA, and therefore, none of the protections provided under the statute apply.

While the Fourth Circuit Court of Appeals has not decided this issue, that is, whether a legal complaint may constitute an initial communication under the FDCPA, a number of other courts have found that a complaint can constitute an initial communication. See Senftle v. Landau, 390 F. Supp. 2d 463, 472 (D. Md. 2005); Thomas v. Law Firm of Simpson & Cybak, 392

5

F.3d 914, 917 (7th Cir. 2004) (en banc). But see Vega v. McKay, 351 F.3d 1334 (11th Cir. 2003) (holding that a summons and complaint are not an initial communication). This is because the FDCPA defines a "communication" broadly as "the conveying of information regarding a debt directly or indirectly to any person through any medium." 15 U.S.C. § 1692a(2); Senftle, 390 F. Supp. 2d at 472. Accordingly, the court in the Senftle case concluded that where a court summons and complaint precede all other communications to a debtor relative to a given debt, these items shall constitute an initial communication under the FDCPA. Id. at 473. Considering a summons and complaint to be a "communication" also fits within Congress's purposes in passing the FDCPA:

> [T]o except the service of pleadings from the definition of 'communication' would erode the § 1692g requirement to inform debtors of their validation rights; debt collectors could avoid their obligation to advise debtors of their validation rights altogether by initiating litigation. Such a loophole, creating an end-run around the validation notice requirement, is inconsistent with the drafters' intention of protecting debtors from 'unfair, harassing, and deceptive' collection tactics, especially because many debtors cannot afford to hire attorneys to represent them in collection actions.

Thomas, 392 F.3d at 918.

In this case, notwithstanding their position to the contrary, Defendants also appear to have treated the summons and complaint as potentially falling under the control of the FDCPA. In the State Complaint served on Plaintiff, Defendants state that

> [u]nless you notify this office within 30 days after receiving this notice that you dispute the validity of the debt or any portion

6

> thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days from receiving this notice, this office will obtain verification of the debt or obtain a copy of a Judgment (if one has been entered) and mail you a copy of such verification or Judgment. If you request this office in writing within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor. . . . This letter is sent in an attempt to collect a debt and any information obtained will be used for that purpose.

(Defs.' Mem. Supp. Mot. Dismiss, Document #8, Ex. 2.) Therefore, Defendants' language sufficiently tracks the requirements of the FDCPA, even though Defendants have taken the position that a summons and complaint do not constitute an initial communication under the FDCPA. This Court, however, like the courts in <u>Senftile</u> and <u>Thomas</u>, also finds that the summons and complaint in this case constitute an initial communication under the FDCPA.

    B.    Plaintiff's Arguments Under the FDCPA

As previously stated, Plaintiff nevertheless asserts that Defendants have (1) violated the FDCPA at § 1692e(2)(A), by knowingly misrepresenting the character, amount, and legal status of the debt because Plaintiff had previously disputed the debt to Citibank and Defendants did not state that the debt was disputed in the State Complaint; (2) violated the FDCPA at § 1692e(8) by knowingly failing to communicate that the debt was disputed to the District Court in Yadkin County; (3) violated the FDCPA at § 1692g(b) by failing to cease collection of the debt until such time as Plaintiff was provided written verification; and (4) violated the FDCPA at § 1692g(b) by failing to cease collection of the debt until such time as Plaintiff was provided the name and

7

address of the original creditor.

The FDCPA at § 1692e prohibits a debt collector from using any false, deceptive, or misleading representation or means in connection with the collection of any debt. The section goes on to specifically state that it is a violation of § 1692e to falsely represent "the character, amount, or legal status of any debt." 15 U.S.C. § 1692e(2)(A). While Defendants did not set out in the State Complaint that Plaintiff had previously disputed the debt with Citibank, Defendants did file Plaintiff's letter disputing the debt with the Yadkin County District Court shortly after they filed the State Complaint. Accordingly, the state court *was* informed by Defendants of Plaintiff's dispute, and Plaintiff fails to set out facts that would show that Defendants falsely represented anything. See Havens-Tobias v. Eagle, 127 F. Supp. 2d 889, 896 (S.D. Ohio 2001) (dismissing FDCPA lawsuit where plaintiffs failed to allege any false or misleading representations, unfair practices, or improper communications). Moreover, whether or not Defendants informed the state court that the debt was disputed, Plaintiff remains free to dispute the debt in the state court lawsuit as he sees fit. The purpose of the FDCPA is not to relieve debtors of their debts, but to curb abusive practices in collecting debts. In this instance, Plaintiff may dispute the debt during the state court proceedings, the purpose of which is to determine whether Citibank's claim or Plaintiff's dispute has merit. Thus, it would be unnecessary to read into this statute a requirement that Defendants inform the state court in their complaint that Plaintiff disputes the debt, because Plaintiff is directed to do so himself in the summons for the State Complaint by way of an Answer. Therefore, Plaintiff has failed to plead facts to support

a violation of 15 U.S.C. § 1692e(2)(A).

Similarly, Plaintiff has also failed to plead facts to support a violation of 15 U.S.C. § 1692e(8). Section 1692e(8) states that it is a violation for a debt collector to communicate or threaten to communicate "to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed." Based upon the facts of this case, this section does not apply. This section of the statute has been construed to apply to situations in which a debt collector must disclose that a debt is disputed to a person inquiring about a consumer's credit history. See Brady v. Credit Recovery Co., 160 F.3d 64, 67 (1st Cir. 1998). Plaintiff has not alleged in this case any incident of Defendants disclosing information to anyone other than Plaintiff himself concerning Plaintiff's credit history. Moreover, even if the Court were to construe this section of the statue more broadly than the court in Brady, the Court finds that Defendants have communicated to the state court that the debt was disputed by filing Plaintiff's letter disputing the debt. Therefore, the Court finds that Plaintiff has failed to state a claim under 15 U.S.C. § 1692e(8).

Plaintiff's third and fourth claims are that Defendants violated the FDCPA at § 1692g(b) by failing to cease collection of the debt until such time as Plaintiff was provided written verification, and furthermore, that Defendants violated the FDCPA at § 1692g(b) by failing to cease collection of the debt until such time as Plaintiff was provided the name and address of the original creditor. However, the Fourth Circuit Court of Appeals has defined what is required to validate a debt as "nothing more than the debt collector confirming in writing that the amount

9

being demanded is what the creditor is claiming is owed; the debt collector is not required to keep detailed files of the alleged debt." Chaudhry v. Gallerizzo, 174 F.3d 394, 406 (4th Cir. 1999). In order to address this requirement, Defendants attached to the verified State Complaint both an affidavit from an employee of Citibank who stated that she had personal knowledge of Plaintiff's delinquent account with a balance of $6,932.72, and a copy of a credit card statement in Plaintiff's name also showing that same amount. These documents both verified the debt and provided Plaintiff with the name and address of the original creditor.[2] (Defs.' Mem. Supp. Mot. Dismiss, Document #8, Ex. 2.) This Court may take judicial notice of matters of public record, including court records, on a 12(b)(6) motion. See Norfolk S. Ry. Co. v. Shulimson Bros. Co., 1 F. Supp. 2d 553, 555 n.1 (W.D.N.C. 1998) (citing Norfolk Federation of Business Dist. v. H.U.D., 932 F. Supp. 730, 736 (E.D. Va. 1996) ("[A] brief or memorandum submitted in support of a motion to dismiss is not considered to be outside of the pleadings . . ."), aff'd, 103 F.3d 119 (table), 1996 WL 671293, *1 (4th Cir. 1996) ("In short, a court may consider matters of public record, items appearing in the record of the case, as well as exhibits attached to the complaint.")). As such, this Court takes notice of the record and finds that Defendants did validate the debt, with the documents attached to the State Complaint. See Chaudhry, 174 F.3d at 406 ("There is

---

[2] Moreover, after Defendants received Plaintiff's letter disputing the debt, Defendants also served on Plaintiff additional validation of the debt, in the form of Plaintiff's credit statements spanning about twenty months. During the time period between when Plaintiff received the State Complaint and Defendants' service on Plaintiff of this additional verification, Defendants deny, and Plaintiff fails to allege, any specific action by Defendants in furtherance of the debt collection that the Court finds would potentially violate the FDCPA.

10

no concomitant obligation to forward copies of bills or other detailed evidence of the debt."); Graziano v. Harrison, 950 F.2d 107, 113 (3d Cir. 1991) (holding that computer printouts which confirmed amounts of debts, the services provided, and the dates on which the debts were incurred constituted sufficient verification); Senftle, 390 F. Supp. 2d at 474 n.11 ("Although the Court holds that Senftle waived his right to dispute the debt, and that Defendants were therefore under no duty to verify it, the Court also concludes that Defendants satisfied § 1692g(b) by attaching Senftle's contract with [the creditor] and his most recent unpaid statements as exhibits to the Circuit Court Complaint.") Accordingly, the Court finds that the facts alleged in Plaintiff's Complaint do not support violations of 15 U.S.C. § 1692g(b) in any respect.

In the event of a dismissal in this case, Defendants have asked for attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3). However, the Court finds that Defendants have not shown that Plaintiff's lawsuit was brought either in bad faith or for the purpose of harassment, as required under the statute. Id. Accordingly, the Court will deny Defendants' request for attorney's fees.

IV.  CONCLUSION

For the reasons discussed above, Plaintiff has failed to allege facts sufficient to bring a claim under the FDCPA. Therefore, Defendants' Motion to Dismiss [Document #7] pursuant to Fed. R. Civ. P. 12(b)(6) is granted. However, the Court does not find that Plaintiff brought this lawsuit in bad faith or for the purpose of harassment, and so will deny Defendants' request for attorney's fees. An Order and Judgment consistent with this Memorandum Opinion will be filed contemporaneously herewith.

This, the 30th day of June, 2006.

_____
United States District Judge